United States District Court
Middle District of Florida
Jacksonville Division

**ROBERT E. LINK III &**
**SHEILA C. LINK,**

***Plaintiffs,***

**v.** **NO. 3:25-cv-654-PDB**

**DANIEL WAYNE PEASTER ET AL.,**

***Defendants.***

---

## Order

This order addresses three pending motions. Under Local Rule 1.01(b), in the interest of efficiency, Local Rule 3.01(d) and Local Rule 3.01(g) are suspended temporarily and only with respect to these pending motions. No responses to the motions, Docs. 58, 59, 60, are necessary.

**1.**

The plaintiffs' motion for an extension of time and to compel service, Doc. 58, is **granted** to the extent that the deadline for the plaintiffs to file any dispositive or *Daubert* motion is extended to **October 19, 2026**. The motion is otherwise **denied**. The court granted the plaintiffs' motion for access to the Electronic Case Filing system and provided information on how to register for an account. *See* Doc. 40; *but see* Doc. 58 at 5 (claiming the court has restricted the plaintiffs' e-service privileges). The plaintiffs consented to electronic service. *See* Doc. 33. The defendants are not required to concurrently serve the plaintiffs by mail. *See* Fed. R. Civ. P. 5(b)(2)(E).

**2.**

GEICO General Insurance Company's motion to join Daniel Peaster and Blake Koehn's motion for partial summary judgment, Doc. 59, is **granted**.

**3.**

The plaintiffs move for leave to file an emergency motion to seal or strike the partial motion for summary judgment, *see* Doc. 57, nunc pro tunc, and for a retroactive extension of time. Doc. 60.

The plaintiffs' proposed emergency motion to seal and strike, Doc. 60-1, and index of exhibits, Doc. 60-2, have been sealed, but the plaintiffs do not request their sealing. *See* Doc. 61. The court **directs** the clerk to unseal the proposed motion and exhibit, Docs. 60-1, 60-2.

The motion, Doc. 60, is **granted** only to the extent that the court will consider the merits of the proposed motion, Doc. 60-1, because no leave of court was required. The motion is otherwise **denied**. The plaintiffs' complaints about the timing of the clerk's office's machine are for naught. The plaintiffs' filing of a motion for an extension of time would not have altered the defendants' deadline to file a dispositive motion. That the plaintiffs could not file the motion to seal or strike before the courthouse closed is an insufficient reason to date the motion to seal as filed on October 6, 2026.

Rule 12(f), Federal Rules of Civil Procedure provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). In determining whether a paper should be sealed, a court's discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records. … Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Id.* (quoted authority omitted). The presumption of public access applies to any document or paper attached to a document that invokes judicial resolution on the merits, including a motion for summary judgment. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63–64 (11th Cir. 2013).

The right to public access is "not absolute." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). A court balances the right of access against the interest in confidentiality, considering factors like "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246.

Local Rule 1.11 explains, "Sealing a docketed item … used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access." Local Rule 1.11(a). The rule accords with "the common-law right of access to judicial

proceedings," described as "an essential component of our system of justice" that "is instrumental in securing the integrity of the process." *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). Under Rule 1.11, a movant must, among other things, describe the item, establish that sealing the item is necessary and that using a redaction or a means other than sealing is unavailable or unsatisfactory, and include a legal memorandum supporting the request. Loca Rule 1.11(b).

The plaintiffs' motion to seal or strike, Doc. 60-1, is **denied**. The presumption of public access applies because the motion for partial summary judgment and the deposition transcripts are submitted for "use[] in the adjudication or other resolution of a claim or defense[.]" *See* Local Rule 1.11(a) (quoted). The plaintiffs fail to show that sealing or striking the motion or transcripts is warranted. They fail to "provide a reason sufficiently compelling to overcome the presumption of public access." *See* Local Rule 1.11(a) (quoted). They fail to establish that using a redaction or a means other than sealing is unavailable or unsatisfactory. *See* Local Rule 1.11(b)(3)(C). They ask the court to seal the motion for partial summary judgment and all deposition transcripts in their entirety, rather than pinpoint the assertedly intrusive and sensitive personal information. Sealing an entire substantive motion or deposition transcript is highly unusual. Other than citing Local Rule 1.11 and Rule 12(f) (which governs striking information from a pleading), the plaintiffs provide no authority to support their requests.

As information, when a party designates a motion as an "emergency," the judge drops everything and turns to the motion posthaste. A false

designation of "emergency" diverts judicial time and resources without justification.

**Ordered** in Jacksonville, Florida, on October 9, 2026.

Patricia D. Barksdale
*United States Magistrate Judge*

c: Robert E. Link III
13106 Silktree Ln. W.
Jacksonville, FL 32246
rslink815@yahoo.com
linklaw@yahoo.com

Sheila C. Link
13106 Silktree Ln. W.
Jacksonville, FL 32246
srlink815@yahoo.com
scewers@yahoo.com